ROBINSON v. ALDREDGE. (No. 7788.)

(Court of Civil Appeals of Texas. Dallas. Oct. 20, 1917. Rehearing Denied Nov. 10, 1917.)

1. APPEAL AND ERROR ☞1062(1)—HARMLESS ERROR.

In an action on a contract for the purchase price of certain interests wherein defendant alleged fraud, an issue as to what money was paid by defendant on the contract, which was answered, "Nothing," although not within the issues, was harmless as to plaintiff, being favorable to him.

2. CORPORATIONS ☞121(5)—SALE OF STOCK— FRAUD OF SELLER — RELIANCE ON STATEMENTS OF THIRD PARTIES.

Where defense was fraudulent representation, and the main issue of the case was whether defendant relied on the representations of plaintiff and whether such representations were untrue, evidence of representations of third parties was immaterial.

3. CORPORATIONS ☞423 — SALE OF STOCK — FRAUD—RELIANCE ON REPRESENTATIONS.

A nominal director of a corporation may rely on statements of the president, who was salesman and financial agent, as to solvency of the corporation, so as to set up fraud in an action for the purchase price of stock.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by Stone J. Robinson against J. D. Aldredge. Judgment for defendant, and plaintiff appeals. Affirmed.

C. M. Smithdeal, of Dallas, for appellant. J. Hart Willis and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

RAINEY, C. J. Appellant sued the appellee to recover the sum of $3,750, alleged to be due by the terms of a written contract. Said sum was in part consideration of all the right, title, and interest of appellant and

Walter Nash to any stock or assets of the Matthews Company, Incorporated.

Appellee answered, admitting that he executed the contract, but alleged that he was induced to do so by the false representations of appellant, in that the stock of said company was of considerable value, to wit, 80 or 85 cents on the dollar, while in truth and in fact, said stock had no value; that there was no consideration for said contract, said stock being worth nothing, which fact was well known to plaintiff; further, if said stock, at the time said contract was entered into, was of any value whatsoever, that immediately thereafter it became of no value, the plaintiff having full knowledge of the condition of the company, and that the stock would be of no value, and being under the duty at the time to inform this defendant of the financial condition of said company and the value of said stock, and failing to do so; further, that plaintiff represented to the defendant that the Matthews Company was a solvent concern, when in fact said concern was insolvent; and that such fact was known to plaintiff.

The case was submitted to a jury on special issues, and judgment rendered in favor of appellee, from which this appeal is taken.

The first error assigned by appellant is the refusal of the court to give a special charge, to wit:

"Gentlemen of the jury, the undisputed evidence showing that the defendant promised and agreed in writing to pay the plaintiff $3,750, and interest as stipulated in the written contract sued on, and that he has not paid said sum, or any part thereof, and has shown no sufficient reason in law why he should not pay the same, you will return a verdict for the plaintiff for the principal sum of $3,750, with interest thereon as stipulated in the written contract introduced in evidence before you."

The judgment of the court is in accord with the findings of the jury, which findings establish the following facts: That at the time of making the contract appellant represented the Matthews Company was solvent, which representation was untrue; that the stock of said company was worth 80 or 85 cents on the dollar, which representation was also untrue; that appellee relied upon said representation concerning the solvency and worth of the stock and was induced thereby to make the contract sued on; and that said representations were made by the appellant for the purpose of inducing appellee to sign said contract.

The evidence was sufficient to warrant the jury's findings, and said assignment is overruled.

With the exception of one or two of the answers of the jury to the various questions submitted they are attacked separately by appellant as not being supported by the evidence. The assignments thus made are overruled.

[1] Referring to the exceptions above mentioned, assignments 12, 13, and 14 relate to issues 8 and 9, which the appellant grouped, and complain that they relate to the question of what money was paid to appellant by appellee on said contract, to which the jury replied, "Nothing." The objection is that there was no pleading or evidence raising such an issue. This is true, but the answer was at least as favorable to appellant as to appellee and was harmless. Besides, the proposition submitted under said assignments was:

"There being no pleading asking for a rescission of the contract and no offer on the part of appellee to return the consideration he had received and put appellant in statu quo, it was error for the court to submit any issue under appellee's cross-action."

This proposition is hardly germane to the assignments submitted. Under the circumstances of this case appellee was in no position to rescind; for the evidence shows that the concern was insolvent at the time of the contract, and before trial the stock and assets had been absorbed toward the payment of creditors, and there was nothing upon which to base a rescission.

[2] Complaint is made to the submission of issue No. 4½, which reads:

"Did the defendant rely on his own knowledge and information of the condition of the Matthews Company, Incorporated, as to its solvency or insolvency at the time of making the contract, or was he induced to make said contract, relying on the statement of the plaintiff?"

The objection and exception is as follows:

"Plaintiff objects and excepts to the submission of special issue No. 4½ because there is no evidence to authorize the submission of said issue to the jury, and because the uncontradicted evidence shows that Walter Nash and H. B. Robertson both made statements to said Aldredge with reference to the condition of said business, and the defendant had before him written statements, and that defendant relied on them, and the jury might conclude from the evidence that defendant did not rely upon anything plaintiff said, and did not rely on his own knowledge, but did rely on statements that were before him at the time, and put in evidence, and statements made by others than plaintiff."

[3] There were statements made to appellee by Walter Nash and H. B. Robertson with reference to the financial condition of said business. But there was evidence that appellee relied on the representations of appellant and the jury so found. That Nash and Robertson made statements becomes immaterial under the testimony in this case. The main issue was: Did appellee rely on and was he induced to contract on the faith of the representations of appellant, and were said representations untrue? There is nothing strange about his relying on the statements of appellant, who was the president and salesman of the company and financial agent of the concern. It is true appellee was one of the directors, but all the directors were merely nominal, and appellee knew nothing about the financial condition of the business, and the fact that others made statements did not prevent his reliance on appellant or prevent his recovery for such re-

liance. In 20 Cyc. 41, under the head of "fraud," it is said:

"It is not necessary that plaintiff should have relied exclusively upon defendant's statements, that they should have been the sole, or even principal, inducement to plaintiff's change of situation, but if they exerted a material influence upon his mind, although they constituted only one of several motives which, acting together, produced the result, it is sufficient, as where plaintiff to some extent relied upon the statements of third persons. And the same principle applies to a concealment."

Believing that the issues raised were fairly submitted, and the findings of the jury were warranted by the evidence, the judgment is affirmed.

Affirmed.

